Howell, J.,
dissenting. The plaintiff seeks to make defendants liable for the amount of a draft drawn by Pish & Butler on them, which they refused to accept. - The action is based on the following letter:
“ New Orleans, September 10, 1870.
“ Messrs. Pish & Butler, Pine Bluff:
“ Gentlemen — You are authorized to draw on us to the order of such. *655 persons in New York as you may be indebted to or wish to purchase goods from, to the extent of five thousand dollars in such sums as may suit your convenience, payable on tenth March next, and your drafts will be honored on presentation and p'aid at maturity.
“ Very respectfully, JOHN WILLIAMS & SONS.”
Upon this letter Pish & Butler drew, two -drafts in New York to their own order, discounted them with the plaintiff and used most of the funds in paying their creditors and buying goods in said city. One of the drafts was accepted and paid, but’ acceptance of the other was refused, and this suit is resisted on the ground that it was not drawn in accordance with the conditions of .the letter of credit, that is, not drawn to the order of persons whom the drawers owed, or from whom they purchased at the time.
It is contended on behalf of plaintiff that' defendants having accepted and paid one of the drafts, they placed a construction on the letter which bound them to honor the second-.. Had the second draft been given to and received by plaintiff after knowledge that the first was accepted, this position would be true; but the evidence shows that it was not presented to defendants for acceptance until some time after the first had been accepted, and hence plaintiff could not have been influenced by that act of the defendants in discounting the second draft.
We are of opinion that the defendants were justified in their refusal. Letters of credit are not to be enlarged or.varied by the bearers of them, but are to be followed strictly in all material points and conditions.' The defendants were willing to bind themselves in a specific manner for the benefit of their correspondents for reasons satisfactory to themselves, and some of which may readily be surmised.
Drafts to the order of and indorsed by the merchants from whom goods had been or might be purchased, would bear the obligation or endorsement of the payees, and bear evidence that they had been used for the purpose for which the credit had been extended. The draft in suit was drawn to the order of the holders of the letter and endorsed by the plaintiff only for collection,, and the evidence shows that some of its proceeds at least did not go for the payment of goods as designed by the defendants. This form of using the letter would enable the parties to divert the whole proceeds of the drafts.
The doctrine of strict conformity to all the material conditions of a letter of credit was established very early in the jurisprudence of this country. I have not found any authority to the contrary. See 2 Wheaton, 66 ; 1 Peters 283 ; 4 Peters 12f; 2 Story 241; 16 La. 499.
Rehearing refused.